898 F.2d 147
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mary Rose TURNER, Individually and T/A Rosie's Place II;
JOHN F. TURNER, individually and T/A Rosie's Place
II, Plaintiffs-Appellants,
v.
Charles DAMMON, Detective Sergeant; Harry Edwards, Trooper,
Defendants-Appellees,
and
Walter Currence, Corporal; Joseph J. Casper, Trooper; Jan
Roth, Corporal; William Bell, Deputy Sheriff;
James Goldsmith, Deputy Sheriff, Defendants.
 No. 89-3316.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 20, 1989.
Decided: March 5, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Court Judge. (CA-85-104-S)
 Paul R. Kramer, Lee Saltzberg, for appellants.
 J. Joseph Curran, Jr., Attorney General, Millicent Edwards Gordon, Assistant Attorney General, for appellees.
 D.Md.
 848 F.2d 440, APPEAL AFTER REMAND.
 REVERSED AND REMANDED.
 Before ERVIN, Chief Judge, K.K. HALL, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellants Mary Rose Turner and John F. Turner operate a topless bar known as Rosie's Place II in St. Mary's County, Maryland. The Turners brought this action under 42 U.S.C. Sec. 1983, alleging that the appellees, members of the Maryland State Police, had violated their Fourth Amendment rights by conducting an inordinate and unreasonable number of warrantless administrative searches over the course of several years, resulting in harassment and a deprivation of property without due process.
 
 
 2
 This case has been before this court previously in Turner v. Dammon, 848 F.2d 440 (4th Cir.1988). In Turner, an interlocutory appeal based on a claim of qualified immunity, we affirmed the district court's denial of summary judgment in favor of the appellees herein, Charles Dammon and Harry Edwards, holding that there existed a genuine question as to whether they had violated clearly established Fourth Amendment law in the way that they administered the series of bar checks at issue in this dispute. Id. at 444-45. We stated that it was the "utter absence of objective justification for the highly disproportionate number of searches at Rosie's Place that raises constitutional concerns," id. at 445, and concluded that "[n]o reasonable officer could possibly have believed that the Fourth Amendment allows over one hundred searches of one particular bar with no objective basis." Id. at 447. Presaging this current appeal, we also noted: "It may later be determined that there is sufficient evidence to justify the actions alleged by the Turners and apparently acknowledged by Dammon and Edwards. That is not the case on the present record, however, and the trial court properly denied Dammon and Edwards' summary judgment motions." Id.
 
 
 3
 On remand to the district court, Dammon and Edwards filed a supplemental motion for summary judgment, contending that: (1) the number of bar checks conducted at Rosie's Place was substantially less than previously thought; (2) the number of bar checks conducted at Rosie's Place was significantly less than those made at other licensed liquor outlets in St. Mary's County; and (3) the bar searches were reasonable in light of the large number of calls for police services emanating from Rosie's Place, and the suspicion of drug-related activities taking place there. Their claims were supported by "newly discovered" police records and official logs detailing the bar checks, the requests for police assistance, and the various police investigations involving Rosie's Place. Based on this additional information, the district court granted Dammon's and Edwards' supplemental motion for summary judgment, holding that the Turners had "not produced any evidence that impeaches the [police] records. Thus, they have failed to satisfy their burden of resisting summary judgment by competent evidence, rather than by argument and innuendo."
 
 
 4
 Upon our review of the record, we conclude that the district court erred in granting summary judgment to Dammon and Edwards, because there are at least two genuine issues of material fact in this case. The first issue is whether the number of searches conducted by the defendants was reasonable. The newly discovered police records indicted that Rosie's Place was subjected to only twenty-three bar checks over the course of four to five years. When this case was last before us, the record clearly indicated, and there was no dispute, that "Rosie's Place was visited at least one hundred times." Turner, 848 F.2d at 445. Dammon's own deposition testimony indicated that he had personally conducted approximately 125-150 bar checks of Rosie's Place during this period. See Joint Appendix at 76. The second issue is whether Dammon and Edwards were entitled to qualified immunity or whether their conduct was in violation of the Fourth Amendment. This question was extensively addressed by this court in Turner. Guided by that discussion, we conclude that there still remains a triable issue regarding the appellees' motivations and justifications for the allegedly excessive bar checks. Accordingly, we reverse and remand for trial. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 5
 REVERSED AND REMANDED.